UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                          Plaintiff,

     v.                                            04-CV-1028

STEPHEN J. RINEHART,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff, United States of America, on behalf of the Rural Housing Service f/k/a Farmers Home Administration, commenced the instant action against Defendant Stephen Rinehart seeking to enforce its rights under certain mortgages. In sum, the Complaint alleges that Plaintiff is a mortgagee of Defendant's real property, Defendant failed to pay the installments and interest due on the notes, Plaintiff elected to declare the entire principal sum and interest secured by the notes and mortgage immediately due and payable, and Plaintiff now seeks to enforce its rights under the various agreements with Defendant. Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56 on the ground that Plaintiff failed to provide certain required notices. Plaintiff cross-moves for summary judgment.

### I.    BACKGROUND

       Plaintiff made two series of loans to Defendant. The first series was a loan through the Farm Service Agency ("FSA") f/k/a Farmers Home Administration ("FHA"). This was a first mortgage lien on the subject property owned by Defendant. The second series was

given by the Rural Housing Service ("RHS").  These loans were secured by a second mortgage on the subject property.

Plaintiff alleges that Defendant defaulted on the RHS loan.  Based on the submissions to the Court, it is unclear when the default occurred.  In most documents, Plaintiff alleges that the default occurred in May 2000.  There is some indication, however, that the default may have occurred earlier in 1999.  Plaintiff further alleges that the loan continues to be in default.  The FSA loan allegedly was placed in default as of June 8, 2000 for failure to pay the $283.00 annual payment that was due on May 13, 2000 and upon the "cross default" provisions of the mortgages.  The "cross default" provisions provide that "[d]efault hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by the Borrower, and default under any such instrument shall constitute default hereunder."[1]

Plaintiff alleges it sent Defendant a notice on June 8, 2000 informing him that he was behind in his payments under the FSA loan, that a foreclosure action had been commenced against him by the RHS (which was a violation of the loan agreement),[2] and that the FSA would be accelerating the loans.  The notice also is claimed to have informed Defendant of steps he could take before the loans were accelerated and other available

---

[1] Plaintiff's invocation of the cross default provisions of the mortgage tends to support the contention that Defendant defaulted prior to May 2000. The cross default provision could not have been invoked unless Defendant already was in default. As noted, however, it is unclear when there was a default on the RHS loan.

[2] If a foreclosure action had actually been commenced against Defendant by RHS, that would further support the contention that Plaintiff defaulted on that loan prior to May 2000. Again, however, this issue is unclear.

options, including a meeting with the FSA and the right to an administrative appeal. The notice was sent to Defendant by certified mail, but was returned by the United States Postal Service as "unclaimed." On July 3, 2000, Plaintiff re-sent the notice to Defendant's last known address via first class mail. Defendant claims he never received any notices.

On March 23, 2003, Plaintiff recommended foreclosure on the FSA loan. On May 13, 2003, Plaintiff exercised its option to accelerate the FSA loan because of the alleged continued defaults under the RHS loans and on the annual payments on the FSA loan. Following the May 13, 2003 notice of acceleration, Plaintiff commenced the instant foreclosure proceeding. Presently before the Court is Defendant's motion for summary judgment and Plaintiff's cross motion for summary judgment.

## II.     STANDARD OF REVIEW

It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) . An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce

evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). With this standard in mind, the Court will address the pending motions.

### III.   DISCUSSION

Defendant claims that the instant action must be dismissed because Plaintiff failed to comply with the statutory prerequisites to a foreclosure action. Defendant first argues that Plaintiff failed to comply with 7 U.S.C. § 1981d(a). According to Defendant, he first defaulted on his FSA loan on May 13, 2003, but never received appropriate notice thereafter. Section 1981d(a) provides that:

> The Secretary shall provide notice by certified mail to each borrower who is at least 90 days past due on the payment of principal or interest on a loan made or insured under this chapter.

Defendant contends that "[o]n May 13, 2003 he was not at least 90 days past due on the May 13, 2003 payment." (Def's Mem. of Law at 4.) Defendant further maintains that no notice was ever given to him after May 14, 2003. Defendant also claims he never received any notice from Plaintiff in 2000. (Def. Aff.)

Plaintiff, on the other hand, contends that the notice of administrative alternatives to acceleration and the opportunity to appeal was offered in the notice of default sent to Defendant on June 8, 2000 and again on July 3, 2000. Plaintiff claims a letter was sent certified mail to Defendant's last known address on June 8, 2000 and it was sent back as

- 4 -

"unclaimed". Plaintiff alleges it sent the same letter to Defendant on July 3, 2000 via first class mail and the letter was never returned to it. Plaintiff claims the letters sent to Defendant in 2000 satisfied all the requirements under 7 U.S.C. § 1981d. According to Plaintiff, because Defendant never contacted it to exercise alternative procedures or his right to appeal in accordance with the guidelines and time frames provided within the notice, he effectively waived such rights. Therefore, Plaintiff claims that no such notice of alternatives or rights were required to be contained within the May 13, 2003 notice of acceleration.

Defendant claims he never received default notices sent by Plaintiff in 2000. (Def. Aff.) Where there is "proof of the office procedures followed in the regular course of business and those procedures establish that the required notice has been properly addressed and mailed, presumption arises that notice was received. The mere denial of receipt does not rebut that presumption." Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993) (quoting Meckel v. Continental Resources Co., 758 F.2d 811, 817 (2d Cir. 1985)); see also Akey v. Clinton County, N.Y., 375 F.3d 231, 235 (2d Cir. 2004); Luessenhop v. Clinton County, N.Y., 378 F.Supp.2d 63 (N.D.N.Y. 2005). Plaintiff claims that once the certified letter sent out on June 8, 2000 was sent back "unclaimed" on July 3, 2000, a copy of that letter was sent to Defendant's last known address via first class mail. (New Aff. ¶¶ 13-16; Pl. Resp. Def. Mot. Dismiss at p. 5.) Plaintiff claims this letter was never sent back. Other than his denial of receipt, Defendant has submitted no proof rebutting the presumption that notice was received. Id. Looking at the evidence in the light most favorable to the non-movant, a fair-minded trier of fact could reasonably infer that Defendant refused to claim, or chose to ignore, letters sent by Plaintiff in 2000 and, therefore, that he received adequate notice.

Defendant also claims that Plaintiff did not send a notice of default which complied with §1981d (a) and (b). Section 1981d requires notice on a loan that is at least ninety days past due. There is evidence before the Court that the RHS loan was defaulted in May 2000. See Iveson Aff. at ¶ 3(c), 3(d) ("The Rural Housing Service ("RHS") Loan has been in default since May 26, 2000. . . . The Farm Service Agency ("FSA") Loan was placed in default as of June 8, 2003."). If Defendant became delinquent in payments in May 2000, then the June 2000 letter was not sent at least ninety days thereafter as required by § 1981d. There is some evidence, however, that Defendant may have become delinquent on payments in 1999.[3] (Pl. Aff. Opp. Summ. J. at p. 5, see also discussion *supra* at p. 2 and at p. 2 n. 1,2; Iveson Aff. at ¶ 3(g) ("[S]ince mid 1999, the Defendant has made one, single out-of-pocket payment. . . which was received [in] September 2002."). If Defendant was in default since 1999, the June 8, 2000 letter falls well within the ninety day waiting period as required by §1981d(a). Furthermore, the letter dated June 8, 2000 and its attachments satisfy the content requirements of §1981d(b). Thus, if Defendant was past due on the payment of principal or interest in 1999, the notice dated June 8, 2000 would be in compliance with §1981d. There remains a question of fact, however, as to when any payments became past due. Without such information, the Court cannot say as a matter of law that the June 2000 notice did not comply with §1981d. Accordingly, Defendant's motion for summary judgment is denied.

---

[3] Plaintiff's papers are entirely unclear and confusing on this issue. In some instances, Plaintiff contends that the loans were in default as of May 2000, whereas in other instances it appears the default may have occurred earlier. Without a clear understanding of when Plaintiff actually became delinquent on payments of principal or interest, it is impossible to ascertain whether Plaintiff provided the requisite notice.

The Court will now address Plaintiff's cross motion for summary judgment. Pursuant to N.D.N.Y.L.R. 7.1(a)(3), any motion for summary judgment shall contain a Statement of Material Facts. That section provides:

> "<u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion</u>."

Plaintiff failed to submit a Statement of Material Facts. Plaintiff also failed to submit a Memoranda of Law as required by N.D.N.Y.L.R. 7.1(a)(1). Plaintiff's cross motion for summary judgment is, therefore, denied for failure to comply with the local rules of this Court. In any event, as discussed, there remains a question of fact as to when Defendant became delinquent on payments and whether Plaintiff complied with §1981d, thereby precluding summary judgment.

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment and Plaintiff's cross motion for summary judgment are DENIED.

Dated: November 4, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge